UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MATTHEW DANSAK,

      PLAINTIFF,

v.

CITY OF CORAL SPRINGS, a municipal corporation,
JASON CARTER, individually,
SCOTT CLARK, individually,
KEVIN REIK, individually,
MICHAEL SNYDER, individually,
MATTHEW WALL, individually,

      DEFENDANTS.
_____/

## COMPLAINT

1)    This a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against JASON CARTER [hereafter "DEFENDANT CARTER"], individually, SCOTT CLARK [hereafter "DEFENDANT CLARK"], individually, KEVIN REIK [hereafter "DEFENDANT REIK"], individually, MICHAEL SNYDER [hereafter "DEFENDANT SNYDER"], individually, MATTHEW WALL [hereafter "DEFENDANT WALL"], individually, and the CITY OF CORAL SPRINGS, Florida [hereafter "DEFENDANT CITY"].

2)    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the First, Fourth, Thirteenth, and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

## PARTIES

3) PLAINTIFF MATTHEW DANSAK [hereinafter "PLAINTIFF"] is a resident of Broward County, State of Florida.

4) At all times material, DEFENDANT CITY was a municipal corporation and had its place of business in the City of CORAL SPRINGS, Florida, was *sui juris*, and acted through its agents, employees, and servants, including DEFENDANTS CARTER, CLARK, REIK, SNYDER and WALL.

5) At all times referred to herein, DEFENDANT CARTER was acting under color of law as a police officer for CITY, and in such capacity, as an agent, servant, and employee of CITY.

6) At all times referred to herein, DEFENDANT CLARK was acting under color of law as a police officer for CITY, and in such capacity, as an agent, servant, and employee of CITY.

7) At all times referred to herein, DEFENDANT REIK was acting under color of law as a police officer for CITY, and in such capacity, as an agent, servant, and employee of CITY.

8) At all times referred to herein, DEFENDANT SNYDER was acting under color of law as a police officer for CITY, and in such capacity, as an agent, servant, and employee of CITY.

9) At all times referred to herein, DEFENDANT WALL was acting under color of law as a police officer for CITY, and in such capacity, as an agent, servant, and employee of CITY.

10) PLAINTIFFS sue DEFENDANTS CARTER, CLARK, REIK, SNYDER and WALL in their individual capacities.

## FACTS

11) On or about August 4, 2014, PLAINTIFF was driving his vehicle.

12) DEFENDANT CARTER, while on shift as DEFENDANT CITY's employee, pulled PLAINTIFF over.

13) PLAINTIFF did not commit any traffic violations that warranted being pulled over or detained.

14) In justifying pulling PLAINTIFF over and detaining him, DEFENDANT CARTER later claimed he was conducting a welfare check.

15) When DEFENDANT CARTER demanded PLAINTIFF's driver's license and registration, PLAINTIFF asked why he was being pulled over.

16) Even though DEFENDANT CARTER did not inform PLAINTIFF why he was being pulled over and detained, PLAINTIFF retrieved his driver's license and provided it to DEFENDANT CARTER.

17) PLAINTIFF continued to ask DEFENDANT CARTER why he was being detained, yet DEFENDANT CARTER refused to inform him.

18) DEFENDANT REIK arrived on scene and parked his vehicle directly in front of PLAINTIFF's vehicle to block him in.

19) DEFENDANT CARTER then reached into PLAINTIFF's vehicle and removed the keys from the ignition.

20) Knowing that he had committed no criminal violations or traffic infractions, and receiving no information regarding why he was pulled over, detained, and blocked in by DEFENDANT REIK, PLAINTIFF became worried for his safety.

21) DEFENDANT CARTER ordered PLAINTIFF out of the vehicle.

22) PLAINTIFF again asked why he was being detained.

23) DEFENDANT CARTER proceeded to drag PLAINTIFF out of the vehicle and throw him on the ground.

24) DEFENDANTS CARTER and REIK started kicking and punching PLAINTIFF.

25) PLAINTIFF tried to protect his face and body while fearing for his life.

26) DEFENDANT REIK then deployed his taser, and DEFENDANTS CLARK, SNYDER, and WALL arrived on scene.

27) Even though PLAINTIFF was unable to move at this point, DEFENDANTS CARTER, CLARK, REIK, SNYDER, and WALL continued to kick and punch PLAINTIFF throughout his body.

28) PLAINTIFF lay motionless, thinking he was going to die.

29) DEFENDANT CARTER tased PLAINTIFF several times.

30) DEFENDANT CLARK then began taunting PLAINTIFF about letting his K-9 dog loose to attack PLAINTIFF.

31) PLAINTIFF begged and pleaded with DEFENDANT CLARK not to let the dog loose.

32) Nevertheless, DEFENDANT CLARK let the dog loose and commanded the dog to attack PLAINTIFF.

33) After disengaging the dog, PLAINTIFF was handcuffed, arrested for Battery on a Law Enforcement Officer and Resisting an Officer With Violence (on August 4, 2014, PLAINTIFF pled no contest to one count of Resisting an Officer Without Violence and received a withhold of adjudication and 12 months of probation), and transported by Coral Springs EMS to North Broward Medical Center.

34) PLAINTIFF was beaten so badly that his mother, who worked at North Broward Medical Center, did not even recognize her own son when he was brought in.

35) PLAINTIFF endured broken bones and has undergone several surgeries as a result of the beating, and suffered irreparable and permanent injuries, both physically and emotionally.

36) As a result of the incident, PLAINTIFF incurred expenses including, but not limited to, medical bills and loss of income.

## CAUSES OF ACTION

### COUNT 1

**FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT CARTER, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against DEFENDANT CARTER, individually, in Count 1, PLAINTIFF states:

37) PLAINTIFF realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 36.

38) When DEFENDANT CARTER was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT CITY, DEFENDANT CARTER subjected PLAINTIFF to the deprivation of the rights and privileges

secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

39) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT CARTER were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

40) As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

41) As a further direct and proximate result of the conduct of DEFENDANT CARTER, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

    A.    Judgment for compensatory damages against DEFENDANT CARTER in excess of $15,000;

    B.    Judgment for exemplary damages;

    C.    Cost of suit;

  D.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

  E.  Trial by jury as to all issues so triable; and

  F.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT CLARK, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT CLARK, individually, in Count 2, PLAINTIFF states:

42) PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 36.

43) When DEFENDANT CLARK was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT CITY, DEFENDANT CLARK subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

44) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT CLARK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

45) As a direct and proximate result of the acts described above, PLAINTIFF

suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

46) As a further direct and proximate result of the conduct of DEFENDANT CLARK, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory damages against DEFENDANT CLARK in excess of $15,000;

B. Judgment for exemplary damages;

C. Cost of suit;

D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E. Trial by jury as to all issues so triable; and

F. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

### FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT REIK, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT REIK, individually, in Count 3, PLAINTIFF states:

47) PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations

of paragraphs 1 through 36.

48) When DEFENDANT REIK was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT CITY, DEFENDANT REIK subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

49) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT REIK were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

50) As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

51) As a further direct and proximate result of the conduct of DEFENDANT REIK, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

    A.      Judgment for compensatory damages against DEFENDANT REIK in excess of $15,000;

    B.      Judgment for exemplary damages;

    C.      Cost of suit;

    D.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

    E.      Trial by jury as to all issues so triable; and

    F.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

### FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT SNYDER, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against DEFENDANT SNYDER, individually, in Count 4, PLAINTIFF states:

52) PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 36.

53) When DEFENDANT SNYDER was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT CITY, DEFENDANT SNYDER subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

54) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT SNYDER were done with malicious intent, ill

will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

55)   As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

56)   As a further direct and proximate result of the conduct of DEFENDANT SNYDER, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A.   Judgment for compensatory damages against DEFENDANT SNYDER in excess of $15,000;

B.   Judgment for exemplary damages;

C.   Cost of suit;

D.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E.   Trial by jury as to all issues so triable; and

F.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

**FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT/EXCESSIVE FORCE CLAIM AGAINST DEFENDANT WALL, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against DEFENDANT WALL, individually, in Count 5, PLAINTIFF states:

57) PLAINTIFF realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 36.

58) When DEFENDANT WALL was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by DEFENDANT CITY, DEFENDANT WALL subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

59) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of DEFENDANT WALL were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

60) As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury, and damaged reputation, including business reputation/goodwill.

61) As a further direct and proximate result of the conduct of DEFENDANT WALL, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in

the future, in violation of PLAINTIFF's civil rights.  PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

    WHEREFORE, PLAINTIFF prays:

    A.    Judgment for compensatory damages against DEFENDANT WALL in excess of $15,000;

    B.    Judgment for exemplary damages;

    C.    Cost of suit;

    D.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

    E.    Trial by jury as to all issues so triable; and

    F.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

### MONELL CLAIM FOR FAILURE TO ACT AGAINST DEFENDANT CITY, COGNIZABLE UNDER 42 U.S.C. § 1983

    For his cause of action against DEFENDANT CITY in Count 6, PLAINTIFF states:

    62)    PLAINTIFF realleges and adopts, as if fully set forth in Count 6, the allegations of paragraphs 1 through 36.

    63)    While DEFENDANTS CARTER, CLARK, REIK, SNYDER, and WALL were acting under the authority of the State of Florida and under color of law as law enforcement officers employed by DEFENDANT CITY, they subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from excessive force under the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

    64)    DEFENDANT REIK had previously engaged in similar and repeated courses of unlawful conduct that endangered citizens of Coral Springs.

    65)    The previous unlawful and harmful actions committed by DEFENDANT REIK, taken in his official capacity as a law enforcement officer and employee of DEFENDANT CITY,

placed DEFENDANT CITY on actual or constructive notice of his dangerous propensities toward excessive force.

66) DEFENDANT CITY failed to take sufficient actions to remedy the dangerous condition presented by DEFENDANT REIK's continued employment as a police officer, including but not limited to, failing to provide sufficient remedial training for DEFENDANT REIK, failing to discipline DEFENDANT REIK for his conduct, failing to reassign DEFENDANT REIK to a different detail, failing to adequately supervise DEFENDANT REIK, and/or failing to place DEFENDANT REIK on probation.

67) The failure to act on behalf of DEFENDANT CITY constitutes deliberate indifference to PLAINTIFF's civil rights, in violation of the Fourth Amendment to the U.S. Constitution and 42 U.S.C. 1983.

68) The failure to act by DEFENDANT CITY was the moving force behind the violation of PLAINTIFF's civil rights.

69) As a direct and proximate result of the failure to act described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental and psychological injury, and damaged reputation, including business reputation/goodwill.

70) As a further direct and proximate result of the omissions of DEFENDANT CITY, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, loss of income, attorney expenses, costs of bond and defense, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory damages against DEFENDANT CITY in excess of $15,000;

B. Judgment for exemplary damages;

C. Cost of suit;

D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

-15-

      E.      Trial by jury as to all issues so triable; and

      F.      Such other relief as this Honorable Court may deem just and appropriate.

DATED:  September 2, 2016

MICHAEL GLASSER
Rudenberg & Glasser, P.A.
Counsels for PLAINTIFF
633 S.E. 3rd AVE.
Fort Lauderdale, FL 33301
(954) 463-9518

By: /s/ Michael Glasser
MICHAEL GLASSER, ESQ.
Florida Bar No. 554367